UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                :

AMARPREET DHALIWAL,         :
                                :
                  Plaintiff,   :     Civil Action No. 1:17-cv-07959 (GBD)
                                :
            vs.                  :
                                :
HYPR CORP. and GEORGE AVETISOV,  :
                                :
                 Defendants.  :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT GEORGE AVETISOV AND NOMINAL DEFENDANT HYPR CORP.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

      Defendant George Avetisov ("Avetisov") and Nominal Defendant HYPR Corp.

("HYPR") (collectively, "Defendants"), by and through their undersigned attorneys, hereby

submit this Answer in response to the numbered paragraphs of Plaintiff Amarpreet Dhaliwal's

("Dhaliwal") Complaint as follows:

## <u>NATURE OF THE CLAIMS</u>

      1.     Deny the allegations of ¶ 1.

      2.     Deny the allegations of ¶ 2.

      3.     Deny the allegations of ¶ 3, and refer the Court to the communication referenced

therein, attached to the Complaint as Exhibit B, for its complete and accurate contents.

      4.     Deny the allegations of ¶ 4, and refer the Court to the communication referenced

therein, attached to the Complaint as Exhibit C, for its complete and accurate contents.

      5.     Deny the allegations of ¶ 5, except admit that Avetisov and Dhaliwal signed a

document entitled "Hypercard Start-Up Agreement," dated April 30, 2014, and refer the Court to

that document, attached to the Complaint as Exhibit A, for its complete and accurate contents.

6.      Deny the allegations of ¶ 6, except admit that HYPR (a) has over 25 million users, (b) raised approximately $800,000 in an angel investment round, (c) raised $3 million in a seed investment round, and (d) raised at least $8 million in a Series A investment round.

7.      Deny the allegations of ¶ 7, except admit that Avetisov is the CEO of HYPR.

8.      Paragraph 8 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 8.

## THE PARTIES, JURISDICTION AND VENUE

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 9.

10.     Admit the allegations of ¶ 10.

11.     Admit the allegations of ¶ 11.

12.     Paragraph 12 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 12.

13.     Paragraph 13 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 13.

14.     Paragraph 14 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants do not contest that the Court has personal jurisdiction over them, or that the Court is the correct venue for this dispute.

## FACTS COMMON TO ALL CLAIMS

15.     Deny the allegations of ¶ 15, except admit that (a) Dhaliwal met Avetisov in or about April 2014, and (b) Avetisov was selling "BitsCards," at the time, while also working on other technology projects.

16.     Deny the allegations of ¶ 16.

17.     Deny the allegations of ¶ 17, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit B, for its complete and accurate contents.

18.      Deny the allegations of ¶ 18, except admit that Avetisov and Dhaliwal signed a document entitled "Hypercard Start-Up Agreement," dated April 30, 2014, and refer the Court to that document, attached to the Complaint as Exhibit A, for its complete and accurate contents.

19.     Deny the allegations of ¶ 19.

20.     Deny the allegations of ¶ 20, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit G, for its complete and accurate contents.

21.     Deny the allegations of ¶ 21, except admit that (a) HYPR has over 25 million users, and refer the Court to the article referenced therein, attached to the Complaint as Exhibit I, for its complete and accurate contents.

22.     Deny the allegations of ¶ 22.

23.     Deny the allegations of ¶ 23, except note that the first sentence of ¶ 23 asserts argument and legal conclusions to which no response is required and to the extent the second sentence refers to a written communication, the communication speaks for itself.

24.     Paragraph 24 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 24.

25.     Deny the allegations of ¶ 25.

26.     Paragraph 26 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 26.

27.     Deny the allegations of ¶ 27, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit H, for its complete and accurate contents.

28.     Deny the allegations of ¶ 28, except admit that Avetisov called Dhaliwal following receipt of Dhaliwal's litigation demand letter.

29.     Paragraph 29 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants decline to answer on the grounds that the information may be protected by the attorney client privilege and/or attorney work product protection.

## FIRST CAUSE OF ACTION

(Breach of Contract)

30.     Defendants incorporate their responses to each and every allegation, as set forth above.

31.     Paragraph 31 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 31.

32.     Paragraph 32 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 32.

33.     Paragraph 33 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 33.

34.     Paragraph 34 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 34.

35.     Paragraph 35 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 35.

36.     Paragraph 36 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 36.

37.     Paragraph 37 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 37.

38.     Paragraph 38 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 38.

## SECOND CAUSE OF ACTION

(Unjust Enrichment, in the alternative, against Defendants)

39.     Defendants incorporate their responses to each and every allegation, as set forth above.

40.     Paragraph 40 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 40.

41.     Paragraph 41 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 41.

## THIRD CAUSE OF ACTION

(Declaratory Judgment)

42.     Defendants incorporate their responses to each and every allegation, as set forth above.

43.     Paragraph 43 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 43.

44.     Paragraph 44 asserts argument and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 44.

## PRAYER FOR RELIEF

The Prayer for Relief describes the relief sought by Plaintiff and does not require a responsive pleading.  To the extent a response is required, Defendants hereby deny that Plaintiff is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Unless otherwise specified, all defenses and affirmative defenses are asserted as to all causes of action and on behalf of all Defendants.  Assertion by any Defendant of any affirmative defense or any other defense shall not be deemed a concession that such Defendant has the burden of proof with respect to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Misjoinder)

(Asserted by HYPR Corp.)

HYPR Corp. is improperly joined as a Defendant in this action.

### THIRD AFFIRMATIVE DEFENSE
### (Unenforceable Due To Vagueness or Indefiniteness)

The claims alleged in the Complaint are barred, in whole or in part, because the April 30, 2014 "Agreement" is unenforceable due to vagueness or indefiniteness.

### FOURTH AFFIRMATIVE DEFENSE
### (Unenforceable Due To Lack of Consideration)

The claims alleged in the Complaint are barred, in whole or in part, because the April 30, 2014 "Agreement" is unenforceable due a lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Perform and Failure to Tender Consideration)

The claims alleged in the Complaint are barred, in whole or in part, because the April 30, 2014 "Agreement" is unenforceable due to Plaintiff's failure to perform and failure to tender consideration.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>
<u>**(Waiver)**</u>

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of waiver.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>
<u>**(Laches)**</u>

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>
<u>**(Impossibility or Impracticability)**</u>

The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of impossibility or impracticability.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>
<u>**(Frustration of Purpose)**</u>

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of frustration of purpose.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>
<u>**(Abandonment)**</u>

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff abandoned the proposed partnership or enterprise.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>
<u>**(Withdrawal)**</u>

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff withdrew from the proposed partnership or enterprise.

### TWELFTH AFFIRMATIVE DEFENSE
### (Misrepresentation or Fraudulent Inducement)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of

misrepresentation or fraudulent inducement.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Mistake)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of

mistake.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable

statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff, though under a duty to do so, has failed and neglected to mitigate his alleged

damages and, therefore, cannot recover against Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is not entitled to the relief sought by virtue of his own unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Material Breach by Plaintiff)

Plaintiff may not enforce any agreement because Plaintiff materially breached said

agreement.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Meet Condition Precedent)

Plaintiff may not enforce any agreement because Plaintiff failed to comply with a condition precedent in said agreement.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

The claims alleged in the Complaint are barred, in whole or in part, because they are duplicative.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses that may present themselves during these proceedings and hereby reserve the right to amend their Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.      For judgment in favor of Defendants on the Complaint;

2.      For attorneys' fees and costs incurred to the extent permitted by law; and

3.      For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 13, 2018

                                        COOLEY LLP

                                        By:   */s/Jonathan Bach*
                                              Jonathan Bach
                                              David H. Kupfer

                                        1114 Avenue of the Americas
                                        New York, NY 10036
                                        Tel:    (212) 479-6000
                                        Fax:    (212) 479-6275
                                        jbach@cooley.com
                                        dkupfer@cooley.com

*Attorneys for Defendant*
*George Avetisov and Nominal Defendant HYPR*
*Corp.*