UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AMARPREET DHALIWAL,

                          Plaintiff,

        vs.

HYPR. CORP. and GEORGE AVETISOV,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 1:17-cv-07959-GBD

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: JUN 1 2 2018

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and upon the agreement and stipulation of the Plaintiff and Defendants (each a "**Party**" and, together, the "**Parties**"), the Court finds good cause to issue a Protective Order in this proceeding, protecting the confidentiality of certain Material (as defined below) that has been or will be produced in the course of this proceeding. Accordingly, the Court enters the following Order:

### I.    DEFINITIONS

1.     "**Material**" refers to any document, data compilation, testimony, discovery request, response to a discovery request, answer, pleading, filing, or other information in any form produced or disclosed in this proceeding, whether voluntarily or through any means of discovery authorized by law, and whether by a Party, party-in-interest, or non-party to this proceeding.

2.     Material may be deemed "**Confidential**" if it contains or tends to reveal trade secrets or nonpublic technical, commercial, financial, personal, business, or other proprietary information. Confidential Material may be deemed "**Highly Confidential**" if the Designating Party in good faith reasonably believes that the disclosure of such Material, other than as

permitted pursuant to Paragraph 4.2 of this Stipulation, is substantially likely to cause injury to the Disclosing Party.

    3.       "**Designating Party**" refers to a Party, party-in-interest, or non-party to this proceeding who designates Material as Confidential or Highly Confidential.

    4.       "**Disclosing Party**" refers to a Party, party-in-interest, or non-party to this proceeding who produces Material.

    5.       "**Receiving Party**" refers to a Party, party-in-interest, or non-party who receives Material.

    6.       "**Requesting Party**" refers to a Party, party-in-interest, or non-party who has made a discovery request.

## II.   SCOPE OF ORDER

    1.       Except as the Parties may otherwise agree or the Court may order, Material produced in this proceeding, whether or not designated Confidential or Highly Confidential, including any excerpt, analysis, summary, or description of any Material, shall be used solely for purposes of the prosecution or defense of this proceeding, including appeals, or any other dispute between the Parties in any other forum that relates to the subject matter of the above-captioned action, and for no other purpose.

    2.       To be subject to the particular confidentiality protections of this Order, Material must (1) be Confidential or Highly Confidential within the meaning of Section I(2) of this Order; and (2) be designated Confidential or Highly Confidential pursuant to Section III of this Order.

    3.       The protections of this Order shall not apply to Material that, prior to disclosure in this proceeding, was within the actual possession or knowledge of a Receiving Party or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.  If and to the extent any Party claims that Material was,

prior to disclosure in this proceeding, within its actual possession or knowledge, or was public knowledge, the Court shall determine which Party has the burden of proving that fact in accordance with applicable law. Nothing in this Order shall relieve any Party of its obligations under any separate confidentiality agreements that relate, in whole or in part, to Material produced in this proceeding.

## III.   DESIGNATION OF MATERIAL AS CONFIDENTIAL

### A.   General Provisions

1.   A Disclosing Party may designate Material as Confidential or Highly Confidential only if the Material (1) is Confidential or Highly Confidential as defined by Section I(2); and (2) is not excluded from the scope of this Order by Section II(3).

2.   Except as otherwise provided in this Order, the designation of Material as Confidential or Highly Confidential should be made prior to, or contemporaneously with, the production or disclosure of that Material. A Disclosing Party's failure to designate Material as Confidential or Highly Confidential at the time of production or disclosure of the Material does not, however, waive its right later to designate the Material as Confidential or Highly Confidential, and the Disclosing Party may so designate any Material until the conclusion of this proceeding. If Material is designated Confidential or Highly Confidential after that Material has already been disclosed by a Receiving Party to any other person or entity, the Receiving Party that disclosed the previously non Confidential Material shall promptly notify the Designating Party and the Disclosing Party of the disclosure. The Receiving Party shall also promptly notify the person or entity to which such Material was disclosed that the Material has been designated Confidential or Highly Confidential, and that the requirements of this Order govern any further or subsequent disclosure of that Material. Such post-disclosure designation shall not impose any obligation, responsibility, or liability on any Receiving Party with respect to any pre-designation

-3-

dissemination of the Material.  However, after such a designation, each Receiving Party shall treat the Material as Confidential or Highly Confidential, according to the designation, and subject to the protections of this Order.

**B.     Methods of Designation**

1.      A Disclosing Party may designate Material as Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the word "CONFIDENTIAL."  A Disclosing Party may designate Material as Highly Confidential by placing or affixing on the Material in a manner that will not interfere with its legibility the words "HIGHLY CONFIDENTIAL; ATTORNEY EYES ONLY."

2.      If an interrogatory or other discovery request calls for Confidential or Highly Confidential Material, the response may be designated Confidential or Highly Confidential by labeling the response with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL; ATTORNEY EYES ONLY."  In the alternative, any Confidential or Highly Confidential portion of the response may be provided in a separate document appended to the main body of the responses and incorporated by reference therein.  Under this alternative, the main body of the response to the interrogatory or written discovery request at issue shall state: "Requests confidential information; see response contained in addendum, which response is incorporated herein by reference."

3.      Portions of testimony taken during depositions may be designated Confidential or Highly Confidential by counsel for any Party so stating on the record during the deposition, and in such event no further action need be taken to preserve the confidentiality of that portion (or portions) of the transcript.  In addition, counsel for any Party may, after the conclusion of a

deposition, designate in writing portions of the transcript as Confidential or Highly Confidential, and shall notify all Parties and the court reporter.

    4.    When Confidential or Highly Confidential Material is supplied or stored on an electronic, digital, or magnetic medium, the confidential designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those persons who access the medium that they have accessed Material that is restricted from disclosure.

    **C.**    **Challenges to Confidentiality Designations**

    1.    A Receiving Party may challenge a confidentiality designation of a Designating Party by objecting to the confidentiality designation in a letter to the Designating Party. Any such objection must be emailed to the Designating Party no later than 60 days following the end of the allowable discovery period. The Designating Party and the Receiving Party who objects to the confidentiality designation then must engage in a conference to address and, if possible, resolve the objection to the confidentiality designation. If the Designating Party and the Receiving Party are unable to resolve the dispute regarding the confidentiality designation, the Receiving Party may make an appropriate motion in the Court challenging the designation. If and to the extent a Receiving Party challenges the confidentiality designation of a Designating Party, the Designating Party shall bear the burden to demonstrate that the designation was appropriate under the terms of this Order.

    2.    Pending an agreement resolving a challenge to a confidentiality designation under Section III(C)(1), or a ruling on a motion under Section III(C)(1), the Material in question shall be treated as Confidential or Highly Confidential and subject to the protections of this Order.

## IV.   DISCLOSURE, USE, AND HANDLING OF MATERIAL DESIGNATED AS CONFIDENTIAL

### A.   Use and Handling of Confidential Material

1.      Material designated as Confidential or Highly Confidential by a Designating Party shall not be used or disclosed by any Receiving Party or its counsel for any purpose other than the prosecution or defense of this proceeding, including appeals, and any other dispute between the Parties in any other forum that relates to the subject matter of the above-captioned action. This Order's restrictions on the dissemination of Confidential or Highly Confidential Material apply with equal force to any excerpt, extract, analysis, summary, or description of the Confidential or Highly Confidential Material, as well as any brief, pleading, filing, exhibit, transcript, or other document containing, summarizing or alluding to such Confidential or Highly Confidential Material.

2.      Except as provided in Section IV(B), counsel for any Receiving Party shall keep all Materials designated as Confidential or Highly Confidential within his or her exclusive possession and in a secure area.

3.      Except upon the Designating Party's consent to the filing in the Court of Material that has been designated Confidential or Highly Confidential, a Party wishing to file with the Court any paper or matter that contains Confidential Material shall file redacted versions of such Material with the Court. The Party shall simultaneously provide two unredacted versions of the Material to the Court in a sealed envelope marked with the caption of the proceeding and stating "Confidential" -- Filed Pursuant to Agreed Confidentiality Order." The Party shall highlight for the Court the portions of the Material that are redacted in the public filing. Any paper or matter so filed shall be released from Confidential treatment by the Clerk of the Court only upon further order of the Court.

-6-

4.     Material designated as Confidential or Highly Confidential shall not lose its protected status through disclosure, either intentionally or inadvertently, by a Receiving Party. In the event of such a disclosure, the Parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

5.     Except as provided herein below, within sixty (60) days following the final resolution of this proceeding, including any appeals therefrom, all Material designated as Confidential or Highly Confidential under this Order and not received in evidence or contained in papers filed with the Court shall be destroyed or returned to the Disclosing Party.  In the event that such Material is destroyed, counsel for the Receiving Party shall certify in writing that all Material designated as Confidential or Highly Confidential under this Order and not received in evidence or contained in papers filed with the Court has been destroyed.  A Receiving Party's obligations under this paragraph shall not require the destruction or return of Confidential or Highly Confidential Material by outside counsel that is stored on backup storage or in archiving solutions made in accordance with regular data backup procedures for disaster recovery or litigation hold, provided that outside counsel maintain the confidentiality thereof in accordance with this Protective Order.  Furthermore, outside counsel for the Parties shall be entitled to retain one copy of court papers, depositions, trial transcripts, and attorney work product (including discovery material) containing Confidential or Highly Confidential Material, provided that outside counsel maintain the confidentiality thereof in accordance with this Protective Order.

**B.     Permitted Disclosures**

Other than as provided in Section IV(A)(3), disclosure of Material designated as Confidential or Highly Confidential may be made only in the following circumstances:

-7-

1.     Unless otherwise prohibited by this Protective Order, Confidential Material may be disclosed to named Parties to this proceeding, to their counsel of record, and to the employees and agents of counsel whose work responsibilities relate to the subject matter of this proceeding. Any employee or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of, and shall agree to be bound by, the provisions of this Order requiring that the Materials be held in confidence.

2.     Confidential Material may be disclosed to: a) present and former trustees, officers, directors, partners, and employees of a Party to this proceeding; b) agents of a Party to this proceeding whose work responsibilities relate to the subject matter of this proceeding; and c) to deponents and witnesses. Any present or former trustee, officer, director, partner, employee, or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of the provisions of this Order. Confidential Material also may be disclosed to non-party Experts, pursuant to Section IV(B)(5), to court reporters and copy services, pursuant to Section IV(B)(4), and to the Court, pursuant to Section IV(A)(3).

3.     Highly Confidential Material may be disclosed only to: a) counsel of record in this proceeding; b) to the employees and agents of counsel who have working responsibilities in connection with this proceeding; and c) to a deponent or witness if it appears that the witness authored or received a copy of it. Information designated Highly Confidential may not be disclosed to any intervening, or newly joined party, except pursuant to paragraph 5.4 below. Any employee or agent to whom a disclosure is made pursuant to the preceding sentence shall be advised of the provisions of this Order requiring that the Materials be held in confidence. Highly Confidential Material also may be disclosed to non-party Experts, pursuant to Section IV(B)(5), to court reporters and copy services, pursuant to Section IV(B)(4), and to the Court, pursuant to

Section IV(A)(3).  Absent an Order of the Court or the agreement of the Disclosing Party, materials designated as Highly Confidential shall not be disclosed to any other person or entity, including the Parties themselves.

      4.      Confidential and Highly Confidential Material may be disclosed to employees of court reporting agencies engaged for depositions, and to those persons, if any, specifically engaged for the limited purpose of providing litigation support (e.g., making copies of Materials).

      5.      Confidential and Highly Confidential Material may be disclosed to non-party consultants, investigators, and experts (collectively, "**Experts**") employed by counsel for the Parties to assist in the preparation and trial of the proceeding, provided that such Experts are first advised of, and agree in writing to be bound by, the provisions of this Order by executing the Endorsement of Agreed Confidentiality Order (the "**Endorsement**") that appears as Exhibit A hereto.  In addition to any other relief provided in this Order, if an Expert is shown to have violated the terms of this Order at any time, he or she may be subject to being held in contempt by this Court.

      6.      Disclosure of Confidential and Highly Confidential Material may be made in open court, provided that reasonable notice is provided to the Designating Party.  In the event Confidential and Highly Confidential Material is used in any court proceeding, the Material shall not lose their status as Confidential or Highly Confidential through such use, and the Parties shall confer on any procedures necessary to protect the confidential nature of the Materials.  The Designating Party may apply to the Court for any relief it deems necessary.

**V.     THIRD PARTIES**

      1.      If any person or entity who is not a Party to this proceeding (a "**Third Party**") receives a subpoena or request for the production of Material from any Party in connection with

this proceeding, and the Material so subpoenaed or requested (1) is Confidential or Highly Confidential, as defined by Section I(2), and (2) is not excluded from the scope of this Order by Section II(3), the Third Party may execute the Endorsement to this Order, and thereafter make any appropriate designations pursuant to Section III of this Order. By executing the Endorsement, the Third Party agrees to comply with the terms and conditions of this Order, and submits to the jurisdiction of the Court for purposes of enforcing this Order. If the Third Party executes the Endorsement, he, she, or it shall promptly serve the executed Endorsement on all Parties to the proceeding.

2.      If any party issues a subpoena for documents or information to any Third Party in connection with this proceeding, the party issuing the subpoena shall promptly serve a copy of this Order on the Third Party, in order to allow the Third Party to execute the Third-Party Endorsement (if the Third Party so chooses) and thereafter be subject to the protections provided by the Order. Furthermore, any Party that has issued a subpoena to any Third Party in connection with this proceeding prior to entry of this Order shall serve, within 10 business days after entry of this Order, a copy of this Order on all third parties on which the party served a subpoena, in order to allow such third parties to execute the Third-Party Endorsement, if they so choose.

3.      If any Third Party demands by subpoena or other compulsory process the production of Confidential or Highly Confidential Material from a Receiving Party, the Receiving Party served with the third-party subpoena or compulsory process shall immediately notify in writing the Designating Party that designated the subject Material Confidential or Highly Confidential and, unless prohibited by law or regulation, provide a copy of the subpoena or compulsory process. In no event shall production or disclosure of the Confidential or Highly

Confidential Material be made, unless required by law or Court order or with the consent of the

Designating Party. The purpose of this paragraph is to provide the Designating Party the

opportunity to seek to intervene, at its own expense, to object to the production of Confidential

or Highly Confidential Material pursuant to any such subpoena or compulsory process.

    4.      In the event any additional person or entity joins or is joined in the proceeding as

a party, that Party shall not have access to Material designated as Confidential unless the newly

joined party, through its counsel, first executes and files with the Court its agreement to be bound

by the terms of this agreed Order. If the additional person or entity joining the case seeks to

obtain access to Material designated as Highly Confidential, the intervening or newly joined

party must seek the consent of the Designating Party and, if the Designating Party objects, the

intervening or newly joined party shall apply to this Court, on notice to the Parties, for

appropriate relief.

## VI.    PROTECTIONS UNDER RULE 502(D) AND AGREEMENT PURSUANT TO RULE 502(E)

    1.      In accordance with Federal Rule of Evidence 502(d), if Material that is requested

in discovery is subject to a claim of attorney-client privilege, attorney work product, or any other

ground on which production of such Material or information should not be made to any Party

(collectively, "**Privilege**" and any Material so designated by the Disclosing Party, "**Privileged**

**Material**"), and such Privileged Material is produced in the course of the proceeding, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, the

claimed Privilege, in this or any other action or proceeding. This Order shall be interpreted to

provide the maximum protection allowed by Federal law, including Federal Rule of Evidence

502(d), and nothing contained herein is intended to or shall serve to limit a Party's right to

conduct a review of documents, electronically stored information, or other information

(including metadata) for relevance, responsiveness, and/or segregation of information that is privileged or otherwise protected from disclosure before production.

2.      If the Disclosing Party produces Privileged Material, it may seek to retrieve such Privileged Material by notifying the Receiving Party in writing, within a reasonable time after learning of the production, that it has produced Privileged Material, and requesting the immediate return or destruction of the Privileged Material and all copies thereof.  The Receiving Party shall then have five business days to return or destroy the produced Privileged Material or sequester the Privileged Material and respond in writing disputing the claim of Privilege.  If the Receiving Party disputes the claim of Privilege, the Parties shall meet and confer in an effort to resolve the dispute.  If the Parties are unable to resolve the dispute, the Disclosing Party shall petition the Court for a resolution of the dispute.  The Receiving Party shall not use the Privileged Material for any purpose until the dispute is resolved or further order of the Court.  The Disclosing Party retains the burden of establishing the Privileged nature of any Material.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the claim of Privilege by submitting a written challenge to the Court after returning or destroying all copies of the Privileged Material.

3.      If the Receiving Party returns or destroys Privileged Material pursuant to a request from the Disclosing Party or instruction of the Court, the Disclosing Party shall promptly produce a Privilege log with respect to the returned or destroyed Privileged Material.  If such returned or destroyed Privileged Material contained non-privileged Material, redacted versions of the Materials (leaving unredacted any non-privileged Material) shall be produced to the Requesting Party within five business days, or as soon as practicable, following receipt of notice that such Privileged Materials were returned or destroyed.

## VII.   OTHER PROVISIONS

1.      A Disclosing Party that designates Material it has created as Confidential or Highly Confidential may continue to use that Material in any way it sees fit, but if the contents of Material so designated become public as a result of such use, they shall lose their Confidential or Highly Confidential status.

2.      No Material may be withheld from discovery on the ground that the Material to be disclosed requires a level of confidentiality greater than that afforded by this Order, unless the Party claiming a need for greater confidentiality moves the Court for an order providing such special protection before the date the production is due.

3.      This Order shall not prevent any Party from applying to the Court for further or additional protective orders, or from agreeing with the other Parties to modify this Order, subject to the approval of the Court.

4.      This Order shall not preclude any Party from enforcing its rights against any other Party, or any non-party, believed to be violating its rights under this Order.

5.      The Parties agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto which is satisfactory to all Parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

6.      In addition to such other remedies as may be available at law or in equity, violation of the terms of this Order may constitute a contempt of this Court, which may result in the imposition of sanctions, including, inter alia, an award of damages, costs, attorneys' fees, and any other appropriate relief.

7.     This Order may be signed by fax or PDF signature and may be signed in one or
more counterparts, each of which shall be deemed to constitute an original, but all of which
together shall constitute one agreement.

Dated: New York, New York
       June 11, 2018

SULLIVAN & WORCESTER LLP

By: _____
       Gerry Silver

1633 Broadway
New York, New York 10019
Phone:  (212) 660-3096

*Attorneys for Plaintiff*

COOLEY LLP

By: _____
       Jonathan Bach
       David H. Kupfer

1114 Avenue of the Americas
New York, New York  10036
Phone:  (212) 479-6000

*Attorneys for Defendants*

SO ORDERED:

_____
Honorable George B. Daniels
United States District Judge

**JUN 1 2 2018**

-14-

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
AMARPREET DHALIWAL,                        :
                                           :
                        Plaintiff,         :    Case No. 1:17-cv-07959-GBD
                                           :
            vs.                            :
                                           :
HYPR. CORP. and GEORGE AVETISOV,           :
                                           :
                        Defendants.        :
                                           :
----------------------------------------- X

## ENDORSEMENT OF CONFIDENTIALITY
## STIPULATION AND PROTECTIVE ORDER

   I have read the Confidentiality Stipulation and Protective Order (the "Stipulation") in the

above-captioned action.  I understand its terms and agree to be fully bound by them, and I hereby

submit to the jurisdiction of the United States District Court for the Southern District of New

York for purposes of enforcement of the Stipulation.  I further agree not to disclose or use any

Confidential Material or Highly Confidential Material (as defined in the Stipulation) for purposes

other than those permitted under the Stipulation.

Name:     _____

Address:    _____

      _____

Telephone:   _____

Email:     _____

Counsel (if any): _____

Dated:     _____

Signature:   _____