UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                     :
AMARPREET DHALIWAL,                  :        Civil Action No. 1:17-cv-07959 (GBD)(DF)
                                     :
                    Plaintiff,       :
                                     :
            vs.                      :
                                     :
HYPR CORP. and GEORGE AVETISOV,      :
                                     :
                    Defendants.      :
                                     :
------------------------------------ X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE <u>AMENDED ANSWER AND COUNTERCLAIM</u>

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

I.     THE ALLEGATIONS OF THE COUNTERCLAIM ........................................... 1

II.    LEGAL STANDARD........................................................................................... 5

III.   THE PROPOSED COUNTERCLAIM SATISFIES THE FORMAN FACTORS ............ 6

     A.    The Proposed Counterclaim Is Not Futile ............................................... 6

     B.    Plaintiff Will Suffer No Prejudice or Undue Delay................................. 7

     C.    The Proposed Counterclaim Is Not Asserted in Bad Faith ..................... 8

CONCLUSION.................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bd. of Managers of Soundings Condo. v. Foerster*,
    138 A.D.3d 160 (1st Dep't 2016) ..........................................................................6, 7

*Christians of Cal., Inc. v. Clive Christian N.Y., LLP*,
    2014 WL 3605526 (S.D.N.Y. July 18, 2014) ...........................................................7

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................1, 5

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*,
    304 F.R.D. 170 (S.D.N.Y. 2014) .............................................................................5, 7

*Jack Kelly Partners LLC v. Zegelstein*,
    140 A.D.3d 79 (1st Dep't 2016) ..............................................................................6

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981)....................................................................................6

*Unique Sports Generation, Inc. v. LGH-III, LLC*,
    2005 WL 241452 (S.D.N.Y. Sept. 30, 2005)...........................................................6

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................................6

Federal Rules of Civil Procedure Rule 13 .........................................................................5

Federal Rules of Civil Procedure Rule 15 .........................................................................5

Federal Rules of Civil Procedure Rule 15(a)(2) .............................................................1, 5

**INTRODUCTION**

Defendants HYPR Corp. and George Avetisov bring this motion, pursuant to Fed. R. Civ.

P. 15(a)(2), for leave to amend their answer to assert a counterclaim against Plaintiff Amarpreet

Dhaliwal for equitable rescission of a contract, under New York law.  The proposed

counterclaim, annexed to the contemporaneously filed declaration, as Exhibit A, satisfies each of

the factors articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Most importantly, the

counterclaim has merit and Plaintiff will suffer no prejudice from its filing, as it was timely

disclosed to Plaintiff and discovery in this action is still ongoing.  Accordingly, the Court should

grant Defendants leave to file their amended pleading and proposed counterclaim.

**I.      THE ALLEGATIONS OF THE COUNTERCLAIM**

On or about April 25, 2014, Defendant George Avetisov met Plaintiff Amarpreet

Dhaliwal, at the Bitcoin Center, in New York City.  (Counterclaim ¶ 1.)  Over the course of

approximately two weeks, they had enthusiastic discussions about the possibility of pursuing a

business together and even signed a written agreement.  (*Id*. at 2.)  Then Dhaliwal mysteriously

disappeared.  He abandoned the project and went completely dark.  (*Id*. at 3.)  He did not

resurface until August 31, 2017, when his lawyer sent a demand letter to HYPR Corp. – a

company he had no part in founding or growing – demanding 50% of the equity of the

corporation.  (*Id*.)

Avetisov, an inventor and technology enthusiast, was in the process of developing a new

technology when the two first met.  Dhaliwal expressed interest in working with Avetisov and in

providing the business end of a shared venture that would build and market Avetisov's

technological designs.  (*Id*. at 4.)

Dhaliwal told Avetisov that he had an extensive business background and substantial

experience in the financial world.  Dhaliwal advised Avetisov that he had experience working

with hedge funds, investment funds, and trading companies.  Dhaliwal also advised Avetisov that he was currently working in some capacity for a buy-side hedge fund.  (*Id*. at 5.)  Dhaliwal further advised Avetisov that he had experience creating slide decks, presentations, and business plans for the purposes of pitching investors and raising capital, and that he had experience locating investors and raising capital.  (*Id*. at 6.)  Dhaliwal told Avetisov that Dhaliwal knew investors that Dhaliwal could approach on short notice for the purposes of raising money to develop Avetisov's designs.  (*Id*. at 7.)

Before signing an agreement with Dhaliwal on April 30, 2014, Avetisov asked Dhaliwal to provide him with additional information regarding his business experience and background.  (*Id*. at 8.)  In response, Dhaliwal presented Avetisov with a resume purporting to summarize his professional background and with a slide deck that he claimed to have prepared on his own and to have used in raising funds for "Delphia Capital," an investment fund he claimed to have successfully created.  (*Id*. at 9.)

The resume shows a business background at impressive firms.  What it fails to disclose, and would have been material to anyone in Avetisov's position, was that one position was a college internship, that Dhaliwal resigned from his next position after a relatively short time based on the belief that he was about to be fired, and that Dhaliwal was indeed terminated from his next position after less than a year after his supervisor expressed concerns about aspects of his performance.  Moreover, while the resume identifies prior employment only through 2012, Dhaliwal advised Avetisov that he currently worked in some capacity for a buy-side hedge fund and was pursuing his own projects, including Delphia Capital.  (*Id.* at 10.)

The Delphia Capital slide deck was similarly filled with false and misleading information, including statements identifying Dhaliwal as part of three-person leadership team

which collectively had over 25 years' experience.  The slide deck also contained numerous charts showing historical performance for an investment strategy going back several years, and an established track record, when in fact, Delphia was a new venture that never got off the ground.  (*Id*. at 11.)  Moreover, while Dhaliwal described the Delphia Capital slide deck as an example of his own work product, he misled Avetisov by failing to disclose that he had actually taken and modified a slide deck from one of his past employers.  (*Id*. at 13.)

Dhaliwal told Avetisov that he had successfully raised capital for Delphia, using the pilfered slide deck, when in fact Dhaliwal had failed to raise capital for that (or any other) venture.  Dhaliwal did not disclose to Avetisov, for example, that in 2012 he had served as the "investment manager" of an entity called "Brabant Capital, LLC," which had failed after only several months.  (*Id*. at 13.)  Nor did Dhaliwal disclose to Avetisov that Delphia Capital had ceased to exist months before Dhaliwal first met Avetisov.

In sum, Dhaliwal made numerous false and misleading representations and omissions about his prior background and professional experience, prior work product, and prior success in raising capital and attracting investors.  Dhaliwal also misled Avetisov to believe that he was currently employed and active in the financial industry when in fact no employer had hired him since his termination from his final position in 2012.  (*Id*. at 22.)  Dhaliwal made such false and misleading statements and omissions for the purpose and with the intent of causing Avetisov to partner with him and to sign the April 30, 2014 agreement.  (*Id*. at 23.)

Avetisov, relying on Dhaliwal's statements and material omissions, executed the April 30, 2014 agreement, which memorialized the parties' intent to form a 50/50 partnership.  (*Id*. at 14.)

Avetisov relied on those statements and omissions, to his detriment.  Avetisov entered into the agreement believing he was getting an experienced business partner who could help him prepare pitch materials and raise capital from investors.  Instead, he contracted with a deceitful person with a checkered and questionable business background and no experience raising capital on his own.  (*Id*. at 24.)

After signing the April 30, 2014 agreement, Dhaliwal's responsiveness to communications from Avetisov slowed, until it eventually stopped less than a month later.  By that time, Dhaliwal had failed to accomplish or make progress on any of the tasks which he and Avetisov agreed he would do for the nascent venture, including preparing pitch materials and a slide deck for investors.  Dhaliwal also failed to pay his share of the expenses the venture was incurring.  (*Id*. at 15.)

Dhaliwal's lack of communication and participation in the venture led Avetisov to write a text message to Dhaliwal, on or about May 19, 2014, asking Dhaliwal to let him know if he planned to continue to work with Avetisov.  After hearing no response for nearly four days, Avetisov wrote to Dhaliwal by text message, on or about May 23, 2014:  "I'm gonna incorporate on Monday, if you're in let me know if not then t[h]ank you for everything.  And good luck." (*Id*. at 16.)

Avetisov understood that the partnership contemplated and memorialized in the April 30, 2014 agreement never formed due to Dhaliwal's lack of participation and communication, and Avetisov believed the agreement to be dead letter.  (*Id*. at 17.)

In or about June 2014, Avetisov formed HYPR Corp. with a new partner and has worked diligently since that time building and growing the HYPR business.  (*Id*. at 18.)

In October 2017, Dhaliwal commenced this action against Avetisov and HYPR, alleging a breach of the April 30, 2014 agreement.  Dhaliwal claims that he alone had come up with and provided the technological ideas to Avetisov and that Avetisov breached the agreement by continuing to work on those ideas without him and by failing to provide him with 50% of the equity of HYPR.  Avetisov denies these baseless allegations.

Avetisov maintains that his agreement with Dhaliwal is unenforceable because, *inter alia*, the partnership contemplated by the agreement never formed due to Dhaliwal's absence and non-participation, the agreement lacked material terms, the agreement lacked consideration, and Dhaliwal failed to perform.  Each of these defenses, and others, are outlined in Defendants' affirmative defenses.  However, because Dhaliwal denies these allegations and asserts the agreement is enforceable, Avetisov seeks leave of the Court to add a counterclaim for equitable rescission based upon fraudulent inducement, as an alternative to his position that the agreement is not enforceable.  Specifically, Avetisov seeks rescission of the April 30, 2014 agreement because he was induced to enter into the agreement by fraud, including false and misleading statements and omissions by Dhaliwal.

## II.    LEGAL STANDARD

Requests for leave to file an amended pleading to add a counterclaim are governed by Rule 15 of the Federal Rules of Civil Procedure.  *See* Committee Notes on Rule 13 – 2009 Amendment.  Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."

"The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion."  *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc*., 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330,

(1971)).  "The court may deny leave to amend for 'good reason,' which normally involves an

analysis of the factors articulated in *Foman*: undue delay, bad faith, futility of amendment, or

undue prejudice to the opposing party."  *Fresh Del Monte Produce,* 304 F.R.D. at 174 (citing

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Mere delay, however, absent a showing of bad faith

or undue prejudice, does not provide a basis for a district court to deny the right to amend."

*State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981) (citing *Howey v. United*

*States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) *and Middle Atl. Utils. Co. v. S.M.W. Dev. Co.*,

392 F.2d 380, 384 (2d Cir. 1968)).

An analysis of these factors supports the granting of leave to file the proposed

counterclaim.

## III.   THE PROPOSED COUNTERCLAIM SATISFIES THE *FORMAN* FACTORS

### A.   <u>The Proposed Counterclaim Is Not Futile</u>

An amended pleading is considered "futile" when the proposed claim would not

withstand a motion to dismiss under Rule 12(b)(6).  *Unique Sports Generation, Inc. v. LGH-III,*

*LLC*, 2005 WL 241452, at *5 (S.D.N.Y. Sept. 30, 2005) (citing *Masefield AG v. Colonial Oil*

*Indus*., 2005 U.S. Dist. LEXIS 18787, at *22 (S.D.N.Y. Sept. 1, 2005)).  "If, however, the party

seeking to amend 'has at least colorable grounds for relief, justice . . . require[s]' that its motion

be granted."  *Unique Sports Generation, Inc.*, 2005 WL 241452, at *5 (quoting *Ryder Energy*

*Distrib. Corp. v. Merrill Lynch Commodities Inc*., 748 F.2d 774, 783 (2d Cir. 1984)).  Under this

analysis, all inferences are drawn in favor of the pleading party.  *Unique Sports Generation, Inc.*,

2005 WL 241452, at *5 (citing *Walker v. City of New York*, 974 F.2d 293, 298 (2d. Cir. 1992)).

Avetisov's adequately states a counterclaim for equitable rescission based upon

fraudulent inducement, under New York law.  Under New York law, "[f]raud sufficient to

support . . .  rescission requires only a misrepresentation that induces a party to enter into a

contract resulting in some detriment, and 'unlike a cause of action for damages on the same ground, proof of scienter and pecuniary loss is not needed.'" *Bd. of Managers of Soundings Condo. v. Foerster*, 138 A.D.3d 160, 164 (1st Dep't 2016); *Jack Kelly Partners LLC v. Zegelstein*, 140 A.D.3d 79, 85 (1st Dep't 2016). "Even an innocent misrepresentation will support rescission." *Bd. of Managers*, 138 A.D.3d at 164 (citing *Seneca Wire & Mfg. Co. v. Leach & Co.*, 247 N.Y. 1, 8 (1928)).

Avetisov alleges that Dhaliwal made numerous false and misleading representations and omissions about his current employment, prior background and professional experience, prior work product, and prior success in raising capital and attracting investors – essentially portraying himself as experienced and successful in attracting investment when in fact he was not. Dhaliwal also made material misrepresentations and omissions in connection with his resume and the Delphia Capital slide deck, which he provided to Avetisov before Avetisov agreed to sign the agreement. (Counterclaim ¶¶ 5-13, 22.)

Avetisov further alleges that he relied on those statements and omissions in entering into the April 30, 2014 agreement to his detriment, and that he suffered harm as a result. (*Id.* at ¶¶ 14, 24.) Finally, Avetisov alleges that he has no adequate remedy at law for his claim against Dhaliwal. (*Id.* at ¶ 25.) Thus, Avetisov has sufficiently stated a claim for equitable rescission.

**B.     Plaintiff Will Suffer No Prejudice or Undue Delay**

"'In gauging prejudice,' a court considers, 'among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.'" *Fresh Del Monte Produce*, 304 F.R.D. at 174 (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)). However, "the fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Christians of Cal.,*

-7-

*Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014) (quoting *U.S. ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

Plaintiff will suffer no prejudice or undue delay as a result of the filing of the counterclaim. Defendants informed Plaintiff that they intended to file the counterclaim at the earliest possible moment – minutes after the conclusion of Plaintiff's deposition, in which several key facts forming the basis of the counterclaim were learned.[1] In addition, Defendants provided Plaintiff's counsel with a draft of the proposed counterclaim several days before Avetisov's deposition, so Avetisov could be questioned regarding his claim during his deposition. Discovery is still ongoing and Plaintiff has the opportunity to seek any discovery he requires regarding the counterclaim. However, considering the nature of the claim, and the fact that Defendants had already asserted an affirmative defense based upon" Misrepresentation or Fraudulent Inducement," (*see* Twelfth Affirmative Defense), the proposed counterclaim will not result in any material amount of additional discovery or delay.

### C.   The Proposed Counterclaim Is Not Asserted in Bad Faith

Avetisov seeks leave to assert his counterclaim for the sole purpose of vindicating his legal rights. As indicating above, the counterclaim is adequately pled and was transmitted to Plaintiff in a timely manner. He does not assert this counterclaim in bad faith.

---

[1] For example, at Dhaliwal's deposition, Defendants learned for the first time specific information regarding Dhaliwal's work history and professional experience, including that one position on his resume was a college internship, that Dhaliwal resigned from his next position after a relatively short time based on the belief that he was about to be fired, and that Dhaliwal was indeed terminated from his next position after less than a year. Defendants also learned that Dhaliwal had been mostly unemployed following his third position, that he had failed to raise capital for his past ventures, and that each of his ventures, including Delphia Capital and Brabant Capital, had failed to get off the ground. (*See* Declaration of David H. Kupfer, dated October 1, 2018, at ¶ 4.)

-8-

**CONCLUSION**

For the foregoing reasons, Defendants respectfully urge this Court grant leave to file an

amended answer with the proposed counterclaim.

Dated: New York, New York
         October 1, 2018

                                              COOLEY LLP

                                              By:   _/s/Jonathan Bach_____
                                                    Jonathan Bach
                                                    David H. Kupfer

                                              1114 Avenue of the Americas
                                              New York, NY 10036
                                              Tel:   (212) 479-6000
                                              Fax:   (212) 479-6275
                                              jbach@cooley.com
                                              dkupfer@cooley.com

                                              *Attorneys for Defendant George Avetisov and*
                                              *Nominal Defendant HYPR Corp.*