UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— X
AMARPREET DHALIWAL,                                :
                                                   :
                              Plaintiff,           :   17 Civ. 7959 (GBD) (DCF)
                                                   :
              -against-                            :
                                                   :
HYPR CORP. and GEORGE AVETISOV,                    :
                                                   :
                              Defendants.          :
———————————————————————— X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER TO ADD A COUNTERCLAIM FOR RESCISSION**

Sullivan & Worcester LLP
1633 Broadway
New York, New York 10019
(212) 660-3000

{N0538777; 1}

Plaintiff Amarpreet Dhaliwal ("Plaintiff" or "Dhaliwal") respectfully submits this opposition to the motion of defendants HYPR Corp. ("HYPR") and George Avetisov ("Avetisov" and, together with HYPR, "Defendants) for leave to file an amended answer to add a proposed counterclaim for rescission.

Statement in Opposition

Realizing -- despite their prior protestations otherwise -- that there is a valid written contract between the parties that was breached by Avetisov, Defendants now belatedly attempt to escape that contract by seeking to amend their Answer to assert a counterclaim for the equitable remedy of rescission (the "Counterclaim").  Even taking their well-pleaded allegations as true -- and they are not -- Defendants do not and cannot plead facts demonstrating that the remedy at law is inadequate or that the status quo can be restored.  For these reasons, Defendants fail to plead a claim upon which relief may be granted, and the proposed amendment is futile.  Further, whether to allow a rescission claim is discretionary, and this Court should exercise its discretion in declining to allow the claim here as it is duplicative of Defendants' affirmative defenses and appears to be a back-door attempt to belatedly request a jury.

Allegations Relevant To The Proposed Counterclaim

Defendants allege that Dhaliwal made false or misleading representations or omissions regarding his experience and capabilities raising capital, which purportedly induced Avetisov to enter into the subject April 30, 2014 Agreement (Counterclaim ¶¶ 21-24; the "Agreement"; for ease of reference, the Agreement is submitted herewith as Exhibit 1 to the Declaration in Opposition of Gerry Silver).

The Agreement, which is incorporated by reference in the Counterclaim and therefore may be considered on a motion to dismiss, does not address either party's abilities to raise

capital. Rather, the Agreement memorializes the parties' Agreement that they each own 50% of a business they refer to as Hypercard, which concerns, <u>inter</u> <u>alia</u>, "a 'cold' card that will allow consumers to transfer digital assets seamlessly and securely [and] any platform or software built on top of this project" (<u>see</u> Agreement). The subject business is now known as HYPR, an apparently thriving business with over a million users. <u>See</u> <u>www.hyper.com</u>.[1] As set forth in the Complaint, Dhaliwal alleges that the business was his idea, and Defendants breached the Agreement by excluding him from HYPR and depriving him of his interest therein (Doc. No. 1).

Defendants allege that although Dhaliwal and Avetisov continued to communicate and work together after the Agreement was executed, Dhaliwal did not perform fundraising (Counterclaim ¶ 15). Accordingly, Avetisov seeks rescission of the Agreement. Avetisov conclusorily states that "Avetisov has no adequate remedy at law for his claim against Dhaliwal" (Counterclaim ¶ 25).

ARGUMENT

POINT I

DEFENDANTS' MOTION FOR
LEAVE TO AMEND SHOULD BE DENIED

A.    <u>Legal Standard For Denying Leave To Amend</u>.

"Leave to amend may properly be denied in cases of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.'" <u>Cohain v. Klimley</u>, 2011 U.S. Dist. LEXIS 97770,*7 (S.D.N.Y. August 31, 2011) (quoting <u>Ruotolo v. City of New York</u>, 514 F. 3d 184, 191 (2d Cir. 2007)).

---

[1] In reviewing the sufficiency of a pleading, a Court may consider documents incorporated by reference and matters of which judicial notice may be taken. <u>SEC v. Siebel Sys.</u>, 384 F. Supp. 2d 694, 699 (S.D.N.Y. 2005)

"[W]here the plaintiff is unable to demonstrate that he would be able to amend his Complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied. Id. at *7-*8 (quoting Hyden v. County of Nassau, 180 F. 3d 42, 53 (2d Cir. 1999)).

Further, in order to properly plead a cause of action, "[w]hile detailed factual allegations are not required, the Complaint must contain more than mere labels and conclusions. It must contain more than naked assertions devoid of further fact enhancement. And it must contain more than a formulaic recitation of the elements of a cause of action." Gleit v. Francois-Bodine, 2018 U.S. Dist. LEXIS 85038, *5 (S.D.N.Y. 2018) (internal quotations and citations omitted).

B.   Avetisov Fails To Plead Rescission.

"Rescission is an equitable remedy which 'is to be invoked only when there is lacking [a] complete and adequate remedy at law and where the status quo may be substantially restored . . . [Where] damages appear adequate and it is impracticable to restore the status quo,' rescission is inappropriate.'"   New Shows, S.A. de C.V. v. Don King Prods., 2000 U.S., App. LEXIS 6319, *5 (2d Cir. 2000) (quoting Rudman v. Cowless Communications, Inc., 30 N.Y.2d 1, 330 N.Y.S.2d 33 (1972) (dismissing rescission claim when harm suffered could be remedied through monetary payments and the status quo could not be restored because contract performed; claim dismissed); Gleit, 2018 U.S. Dist. 85038 at * 22 (same).

Indeed, when a "[p]laintiff has failed to plead sufficient facts to show that damages would not be a complete and adequate remedy", a rescission claim should be dismissed. Gleit, 2018 U.S. Dist. LEXIS 85038 at * 22; see New Paradigm Software Corp. v. New Era of Networks, Inc., 107 F. Supp. 2d 325, 329-30 (S.D.N.Y. 2000) (dismissing claim for rescission of royalties contract because "[p]laintiff has asserted no reason why damages would not be an adequate remedy"); Mirbabayeva v. Metrotech LLC, 2017 N.Y. Misc. LEXIS 110, *19 (Sup. Ct. N.Y. Cty. January 6, 2017) (when money damages are available, rescission claim dismissed).

{N0538777; 1}   3

1.     Avetisov Fails to Plead Facts Demonstrating No Adequate Remedy At Law.

In the proposed Counterclaim, Avetisov states in conclusory fashion that he "has no adequate remedy at law" (Counterclaim ¶ 25), but does not allege any facts whatsoever purportedly explaining why that is. For this reason alone, the motion should be denied and the Counterclaim rejected. See, e.g., Gleit, 2018 U.S. Dist. LEXIS 85038 at *22 (claim dismissed because "[p]laintiff has failed to plead sufficient facts to show that damages would not be a complete and adequate remedy").

Although Avetisov alleges that he suffered so-called "harm", any such purported harm -- if it truly exists -- could be compensated through money damages. Avetisov claims he suffered the following harm: "(a) a delay in the development of his project; (b) the disclosure of his ideas and inventions to Dhaliwal; and (c) the present lawsuit commenced by Dhaliwal relating to the April 30, 2014 Agreement." (Counterclaim ¶ 24). However, a delay in the development of the project, to the extent that there was any harm such as lost income, could be compensated through money damages. Harm involving past disclosure of ideas and inventions, i.e., losses of intellectual property, are regularly addressed by the courts through awards of money damages. And costs in engaging in a lawsuit similarly may be remedied through money damages. Hence, Avetisov does not and cannot demonstrate that he has no adequate remedy at law.

2.     Avetisov Fails To Plead Facts Demonstrating That The Status Quo Can Be Restored.

Moreover, Avetisov does not and cannot demonstrate that the status quo can be restored. Although Avetisov pleads that he was unhappy with the speed and nature of the work done by Dhaliwal post-contract, he concedes that some work was done (Counterclaim ¶ 15). Dhaliwal's contributions to the business cannot be undone, making rescission inappropriate.

Further, the status quo cannot be restored by simply rescinding the Agreement because,

{N0538777; 1}                                    4

pursuant to the Agreement, each party owns a 50% interest in the business that became HYPR. The parties' interests would need to be unwound, and Avetisov makes no allegations as to how that could or would occur. Certainly Avetisov should not be permitted to rescind the Agreement and keep Dhaliwal's 50% of HYPR for himself, which constitutes a substantial interest in a company believed to have a valuation of tens of millions of dollars. At the very least, restoring the parties to the status quo is "impracticable", and for this reason as well the rescission claim fails. See New Shows, 200 U.S. App. LEXIS 6319 at 5.

C.      The Court Should Exercise Its Discretion And Deny The Motion.

The relief of rescission, "lying in equity, is a matter of discretion." Rudman v. Cowles Communications, Inc., 30 N.Y.2d 1, 13, 330 N.Y.S. 2d 33, 43 (1971); Mirbabayeva, 2017 N.Y. Misc. LEXIS 110 at *19 ("whether rescission is appropriate is a matter of court discretion"). Further, as set forth above, leave to amend may properly be denied due to a "dilatory motive". Cohain, 2011 U.S. Dist. LEXIS 97770 at *7.

Defendants' proposed Counterclaim is duplicative of their Twelfth Affirmative Defense for "Misrepresentation or Fraudulent Inducement", wherein they state that "[t]he claims alleged in the Complaint are barred, in whole or in part, by the doctrine of misrepresentation or fraudulent inducement". Hence, the proposed Counterclaim is not at all necessary -- Defendants can make precisely the same arguments in attempting to enforce such affirmative defense, and, if successful, end up in the same place as they would if the Counterclaim was allowed.

It appears, therefore, that one of the primary reasons Defendants seek to assert the Counterclaim is because they neglected to request -- and therefore waived -- a jury trial in their Answer, and believe they would be entitled to a jury on the proposed Counterclaim by seeking to amend the Answer to assert the proposed Counterclaim and setting forth a jury request therein. See Jury Demand at proposed Counterclaim p. 13. Hence, the proposed rescission Counterclaim,

aside from being improperly pled, is unnecessary, duplicative, and constitutes a belated and dilatory attempt to request a jury -- with the obvious purpose being to cause Dhaliwal to incur the associated additional expense and delay that tend to be a by-product of a jury trial. This conduct should not be condoned.

## CONCLUSION

Based on foregoing, Defendants' motion for leave to amend should be denied, with prejudice.

Dated: October 15, 2018

Respectfully submitted,

/s/ Gerry Silver
Gerry Silver (admitted *pro hac vice*)
Michael Sullivan
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
(T) (212) 660-3096
(F) (212) 660-3001
gerry.silver@sandw.com

Attorneys for Plaintiff