UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                              :

AMARPREET DHALIWAL,             :    Civil Action No. 1:17-cv-07959
                                              :    (GBD)(DCF)

                Plaintiff,        :

                              :

               vs.               :

HYPR CORP. and GEORGE AVETISOV,   :

                Defendants.    :

                              :
------------------------------------- X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

## TABLE OF CONTENTS

**Page**

I.      LEAVE TO AMEND SHOULD BE GRANTED ............................................................ 1

    A.      Plaintiff Relies on Facts Outside of the Proposed Counterclaim........................... 1

    B.      Fraudulent Inducement And Equitable Rescission Are Adequately Pled ............. 3

        1.      Equitable Rescission Is An Appropriate Remedy...................................... 3

        2.      Equitable Rescission Would Restore The Status Quo Ante ...................... 5

II.     THE PROPOSED COUNTERCLAIM IS NOT DUPLICATIVE OF AN
AFFIRMATIVE DEFENSE AND DOES NOT IMPROPERLY REQUEST A
JURY........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Butler v. Prentiss*,
    158 N.Y. 49 (1899) ............................................................................................................7

*Citigroup Global Markets, Inc. v. KLCC Invest.*,
    2015 WL 5853916 (S.D.N.Y. Sept. 28, 2015)...................................................................4

*Gleit v. Francois-Bodine*,
    2018 U.S. Dist. LEXIS 85038 (S.D.N.Y. May 18, 2018) ........................................4

*Mirbabayeva v. Metrotech LLC*,
    2017 N.Y. Misc. LEXIS 110 (Sup. Ct. N.Y. Cnty. Jan. 6, 2017).............................4

*New Paradigm Software Corp. v. New Era of Networks, Inc.*,
    107 F. Supp. 2d 325 (S.D.N.Y. 2000)...............................................................................4

*New Shows, S.A. de C.V. v. Don King Prods.*,
    210 F.3d 355, 2000 U.S. App. LEXIS 6319 (2d Cir. Apr. 6, 2000) ........................4

*Rudman v. Cowless Commc'ns, Inc.*,
    30 N.Y.2d 1 (1972) ............................................................................................................4

*Sokolow, Dunaud, Mercadier & Carreras LLP v. Lacher*,
    299 A.D.2d 64 (1st Dep't 2002) ....................................................................................7

*Sotheby's, Inc. v. Minor*,
    2009 WL 3444887 (S.D.N.Y. Oct. 26, 2009).............................................................4

*Unique Sports Generation, Inc. v. LGH-III, LLC*,
    2005 WL 2414452 (S.D.N.Y. Sept. 30, 2005)................................................................1

*VisionChina Media Inc. v. Shareholder Representative Servs.*,
    109 A.D.3d 49 (1st Dep't 2013) .............................................................................3, 4

*Wood v. Dudley*,
    188 A.D. 136 (1st Dep't 1919) ......................................................................................4

**Other Authorities**

Fed. R. Civ. P.
    12(b)(6) ..............................................................................................................................1
    13(a)(1) ..............................................................................................................................8

## INTRODUCTION

Defendant George Avetisov seeks leave to file a counterclaim that asserts, in a single count, that Plaintiff Amarpreet Dhaliwal fraudulently induced him to enter into the November 30, 2014 agreement that stands at the heart of this lawsuit.  In his opposition, Dhaliwal does not dispute that Avetisov has alleged an adequate factual basis for fraudulent inducement, nor does he dispute that Avetisov has adequately pled all of the elements of a fraud claim.  Dhaliwal also fails to identify any unfair prejudice that would result from allowing the counterclaim to proceed. Instead, Dhaliwal focuses his opposition on the remedy of equitable rescission that Avetisov has elected, asserting that such a remedy cannot be sought in lieu of monetary damages and, in any event, would fail to restore the status quo.  These arguments have no merit.  Rescission is a standard remedy that applies where, as here, a contract was induced by fraud.  In this case, it would have the effect of voiding the April 30, 2014 agreement.  It would thereby restore the status quo *ante* that existed before any agreement was formed.

## I.     LEAVE TO AMEND SHOULD BE GRANTED

### A.     <u>Plaintiff Relies on Facts Outside of the Proposed Counterclaim</u>

The question of whether Avetisov has pled a valid counterclaim turns on the facts as Avetisov has alleged them, not on the separate and contrary version of the facts that Dhaliwal seeks to provide.  Dhaliwal's alleged facts go beyond the four corners of the Proposed Counterclaim and thus should not be considered at this procedural stage.  *Unique Sports Generation, Inc. v. LGH-III, LLC*, 2005 WL 2414452, at *5 (S.D.N.Y. Sept. 30, 2005) (Rule 12(b)(6) standard applies when reviewing proposed amended pleadings) (citations omitted).

In his Proposed Counterclaim (Dkt. No. 44-1), Avetisov alleges that he was in the process of developing a new technology when he met Dhaliwal.  (Counterclaim ¶ 4).  "Dhaliwal expressed interest in working with Avetisov and in providing the business end of a shared

venture that would build and market Avetisov's technological designs." (*Id.*).  "Dhaliwal made numerous false and misleading representations and omissions about his current employment, prior background and professional experience, prior work product, and prior success in raising capital and attracting investors" (*id.* at ¶¶ 5-13, 22); Dhaliwal made those statements "with the intent on causing Avetisov to partner with him and to sign the April 30, 2014 agreement" (*id.* at ¶ 23); and Avetisov relied on those statements to his detriment and was harmed by the fraud that transpired (*id.* at ¶¶ 14, 24).

The Proposed Counterclaim further alleges that "Dhaliwal's responsiveness to communications from Avetisov slowed, until it eventually stopped altogether less than a month" after the agreement was signed.  (*Id.* at ¶ 15.)  As of that time, "Dhaliwal had failed to accomplish or make progress on any of the tasks which he and Avetisov agreed he would do for the nascent venture, including preparing pitch materials and a slide deck for investors."  (*Id.* at ¶ 15.)  "Dhaliwal's lack of communication and participation in the venture led Avetisov" to provide multiple warnings to Dhaliwal that Avetisov would proceed without him if Dhaliwal continued not to participate.  (*Id.* at ¶ 16.)  Eventually, Avetisov found a new partner and moved forward with further work based on his own ideas.  (*Id.* at ¶ 18.)

Contrary to the standard of Fed. R. Civ. P. 12(b)(6), Dhaliwal's Opposition brief (Dkt. No. 45) ("Opp.") improperly introduces new facts at odds with those alleged in the Proposed Counterclaim.  Dhaliwal relies on the proposition, for example, that he, not Avetisov, came up with the idea behind their shared venture— a proposition in plain contradiction to the allegations recited in the Proposed Counterclaim.  (*See* Counterclaim ¶ 4; Opp. at 2.)  Dhaliwal further asserts that Avetisov deliberately "excluded" him from participating in the venture and that, as a result, he was wrongly "deprived of his interest"—a version of the facts in stark contrast to that

recited in the Proposed Counterclaim.  (*See* Counterclaim ¶¶ 3, 15 & 16; Opp. at 2.)  Finally, Dhaliwal asserts that he performed "some work" after the April 30, 2014 agreement was formed—an allegation found nowhere in the Proposed Counterclaim and contrary to its recitation of the facts.  (*See* Counterclaim ¶¶ 15-17; Opp. at 2, 4.)

Dhaliwal's extraneous and contested "facts" have no bearing on the present motion. Avetisov has met the requisite pleading standard for leave to amend.  Dhaliwal will have an opportunity to present his contrary narrative in later proceedings.  Avetisov is entitled to set forth his own allegations in a well-pleaded counterclaim before any findings of fact are made.

### B.  Fraudulent Inducement And Equitable Rescission Are Adequately Pled

Avetisov's Proposed Counterclaim adequately alleges all of the elements of equitable rescission based upon fraudulent inducement under New York law.  Dhaliwal offers no argument to the contrary.  Instead, Dhaliwal argues that the remedy of equitable rescission cannot be pursued because (1) Avetisov has an adequate remedy at law, in the form of monetary damages (Opp. at 3-4), and (2) Avetisov fails to allege that the status quo can be restored (Opp. at 4-5). These arguments have no basis.

#### 1.  *Equitable Rescission Is An Appropriate Remedy*

Dhaliwal argues that the equitable remedy of rescission cannot be pursued because Avetisov has an adequate alternative remedy at law, in the form of monetary damages.  (Opp. at 4.)  This argument is at odds with longstanding legal authority recognizing that rescission is a standard remedy to void a contract procured by fraud, regardless of whether monetary damages are also available.

"It is well established that a contract induced by fraudulent representation is voidable, and that the defrauded party has several remedies." *VisionChina Media Inc. v. Shareholder Representative Servs.*, 109 A.D.3d 49, 56 (1st Dep't 2013).   Among the available remedies,

-3-

rescission alone has the effect of voiding or disaffirming the contract, and may be sought with or without a claim for monetary damages:

> On discovery of the fraud . . . (1) He [or she] may rescind the contract by promptly tendering back all that he [or she] has received under it. He [or she] may then bring an action at law upon the rescission to recover back what he [or she] has paid, or (2) defend an action brought against him [or her] on the contract, setting forth the fraud and rescission as a defense. (3) He [or she] may bring an action in equity for rescission.... These remedies are based upon a disaffirmance of the contract, in which the party rescinding or desiring to rescind in effect says, you have induced me to enter into this contract by fraud. I offer you what I received. Give me back that which you received, or if that be impossible pay me its value. (4) He [or she] may affirm the contract and sue for his [or her] damages. (5) If sued upon the contract, he [or she] may counterclaim his [or her] damages.

*VisionChina Media Inc*, 109 A.D.3d at 56 (quoting *Wood v. Dudley*, 188 A.D. 136, 140 (1st Dep't 1919)).  "Under New York law, a contract formed through fraud in the inducement is voidable . . . . [W]here one party is induced to enter into a contract by the fraudulent misrepresentation of another, the former may seek to rescind the contract and claim damages from the other party, [or continue the contract]."  *Citigroup Global Markets, Inc. v. KLCC Invest.*, 2015 WL 5853916, at * 9 (S.D.N.Y. Sept. 28, 2015).  A rescission remedy may be sought at the pleading stage despite the presence of damages theories of recovery.  *Sotheby's, Inc. v. Minor*, 2009 WL 3444887, at *5 (S.D.N.Y. Oct. 26, 2009).[1]

---

[1] The authority cited in the opposition brief is not to the contrary. In *Gleit v. Francois-Bodine*, 2018 U.S. Dist. LEXIS 85038, at *21-22 (S.D.N.Y. May 18, 2018), the court recommended dismissal of the rescission claim because the plaintiff had failed to plead any supporting facts.  In the remaining cases cited in the opposition (Opp. at 3), plaintiffs claimed monetary injuries that could be addressed through standard contract remedies.  In *New Shows, S.A. de C.V. v. Don King Prods.*, 210 F.3d 355, 2000 U.S. App. LEXIS 6319, at *5 (2d Cir. Apr. 6, 2000), the Second Circuit held that the jury did not have to be charged on the elements of equitable rescission where plaintiff sought to recoup a $2 million investment loss, a harm that could be remedied in its entirety through an award of monetary damages.  In *New Paradigm Software Corp. v. New Era of Networks, Inc.*, 107 F. Supp. 2d 325, 329-30 (S.D.N.Y. 2000), the district court rejected rescission, which was sought as a remedy for breach of contract (not fraudulent inducement).  In *Rudman v. Cowless Commc'ns, Inc.*, 30 N.Y.2d 1, 13-14 (1972), the court dismissed the rescission remedy, which was sought for breach of an employment agreement (not for fraudulent inducement).  And in *Mirbabayeva v. Metrotech LLC*, 2017 N.Y. Misc. LEXIS

Moreover, a claim for monetary damages alone would not provide an adequate remedy for the alleged fraud.  The principal wrong that resulted from the alleged fraud was that Avetisov was induced to enter into an agreement and is now bound by a contract that he otherwise would have declined.[2]  Monetary damages cannot unwind that agreement; only the equitable remedy of rescission can.  Indeed, the need for such equitable relief is precisely why the authorities discussed above recognize it as a supplement and not a substitute for an award of monetary damages.

**2.**     *Equitable Rescission Would Restore The Status Quo Ante*

As set forth in Avetisov's Proposed Counterclaim, Avetisov agreed to partner with Dhaliwal based on the mutual understanding that Dhaliwal would contribute to their shared venture by performing business and financial operations, including by locating investors and raising capital.  (Counterclaim ¶¶ 4, 7, 14, 15.)  Avetisov alleges that Dhaliwal disappeared before performing or even attempting to perform these obligations, leaving Avetisov to proceed on his own.  (*Id.* at ¶¶ 15-17.)  Indeed, Avetisov proceeded to found HYPR without any help or assistance or communication from Dhaliwal.  (Counterclaim ¶¶ 15-18.)  Dhaliwal remained entirely removed from the project until years later when he suddenly showed up to demand a 50% share.

---

110, at *19 (Sup. Ct. N.Y. Cnty. Jan. 6, 2017), Plaintiff brought several claims against a condominium sponsor for failure to repair an elevator and HVAC system in her apartment.  The Court dismissed the rescission claim because "contract damages" were available under Plaintiff's breach of contract claim.  None of these cases control here, where the principal injury of which Avetisov complains is not a loss of money, but having to be bound by a contract that he would never have entered into but for the fraud.  Moreover, the contracts at issue in these cases all involved financial payments as among their performance terms, which could be remedied by monetary damages, whereas the contract at issue here concerns a shared business venture and not any specified payments.

[2] Avetisov denies that he is currently bound by any contract with Dhaliwal.  His counterclaim is offered, in the alternative, in the event that the finder of fact determines that he is so bound. (Counterclaim ¶¶ 20-21.)

Rescission of the April 30, 2014 agreement would restore the parties to the position they were in before the agreement was formed.  Dhaliwal would have no obligation to perform any business or financial operations or fund-raising activities for any venture with Avetisov, and Avetisov would have no obligation to share the proceeds of any business with him.  In other words, the agreement would be void and as a result both parties would return to their original positions.

In his opposition, Dhaliwal fails to explain in a coherent manner why the parties' positions cannot be restored to their status quo *ante*.  (Opp. at 4-5.)  Avetisov claims that Dhaliwal fraudulently induced him to enter into the April 30, 2014 agreement.  Since the date of execution, there has been no material change in the parties' positions.  Indeed, after the agreement was signed, Dhaliwal's contribution was non-existent.  (Counterclaim ¶¶ 15-17.)  As set forth in Avetisov's counterclaim, "Dhaliwal's responsiveness to communications from Avetisov slowed, until it eventually stopped altogether less than a month" after the agreement was signed.  (*Id*. at ¶ 15.)  As of that time, "Dhaliwal had failed to accomplish or make progress on any of the tasks which he and Avetisov agreed he would do for the nascent venture, including preparing pitch materials and a slide deck for investors."  (*Id*.)  "Dhaliwal's lack of communication and participation in the venture led Avetisov" to provide multiple warnings that Avetisov would proceed without him if Dhaliwal failed to participate.  (*Id*. at ¶ 16.)  Eventually, Avetisov found a new partner and continued work on his ideas.  (*Id.* at ¶ 18.)  Simply put, Dhaliwal took no action pursuant to the Agreement, other than to commence this litigation.  Accordingly, rescission of the April 30, 2014 agreement would substantially restore the parties to their status quo *ante*.

Dhaliwal argues that HYPR would need to be unwound—citing Paragraph 15 of the proposed Counterclaim— because Avetisov "concedes that some work was done [and] Dhaliwal's contributions to the business cannot be undone."  (Opp. at 4.)  Dhaliwal's argument misstates the allegations recited in the Proposed Counterclaim.  The Proposed Counterclaim specifically states that "Dhaliwal had failed to accomplish or make progress on any of the tasks which he and Avetisov agreed he would do for the nascent venture" (Counterclaim ¶ 15), and further makes reference to "Dhaliwal's lack of communication and participation in the venture" (*id*. at ¶ 16).  In short, Dhaliwal's argument relies on alleged facts that fall outside of the Proposed Counterclaim, which may not be considered at this procedural stage.

Additionally it should be noted that the question of restoring the status quo turns on the factual record developed through litigation and need not be resolved at the pleading stage. *Sokolow, Dunaud, Mercadier & Carreras LLP v. Lacher*, 299 A.D.2d 64, 72 (1st Dep't 2002). The rule that rescission is unavailable where a party cannot be returned to the status quo ante will not be strictly enforced where the party against whom rescission is sought is a wrongdoer who is exploiting its change of position to shield its wrongdoing."  *Sokolow*, 299 A.D.2d at 72 (citing *Butler v. Prentiss*, 158 N.Y. 49, 64 (1899)).

> When, without fault on the part of the one defrauded . . . it is impossible to restore the one guilty of the fraud to his original condition, the general rule of restoration is not strictly applied, because it would become a loophole for the escape of fraud. Equity makes a reasonable application of the rule by requiring whatever fair dealing requires under all the circumstances ... but it does not permit the rule to become a shield for wrongdoing.

*Sokolow*, 299 A.D.2d at 72 (quoting *Butler*, 158 N.Y. at 64).  Thus, regardless of whether the parties' positions have changed in a material way, the Proposed Counterclaim adequately pleads a claim for equitable rescission based upon fraudulent inducement at this procedural stage.

## II.    THE PROPOSED COUNTERCLAIM IS NOT DUPLICATIVE OF AN AFFIRMATIVE DEFENSE AND DOES NOT IMPROPERLY REQUEST A JURY

Dhaliwal argues that Avetisov's Proposed Counterclaim is entirely duplicative of Defendants' Twelfth Affirmative Defense of "Misrepresentation or Fraudulent Inducement." (Opp. at 5.)  First, while the affirmative defense may preserve Defendants' right to assert a fraudulent inducement theory, the Proposed Counterclaim is still compulsory under Fed. R. Civ. P. 13(a)(1), and must be asserted under that Rule.  Moreover, there are numerous advantages to asserting a counterclaim, rather than merely stating an affirmative defense.  For example, a counterclaim requires an answer, which may garner helpful admissions from the answering party.  A counterclaim also provides the opposing party and the court with notice of the specific factual and legal theories being asserted in opposition, which clarifies and sharpens the disputes of facts for discovery and summary judgment.[3]

Moreover, a counterclaim may entitle the claimant to affirmative relief.  Here, the Proposed Counterclaim, in addition to the remedy of rescission, seeks "attorneys' fees and costs incurred to the extent permitted by law."  (Counterclaim at *ad damnum* ¶ 3.)  Avetisov may be entitled to recover attorneys' fees and other out of pocket expenses caused by Dhaliwal's fraud. He would not be entitled to any affirmative recovery based on the use of an affirmative defense alone.

Dhaliwal further surmises that the purpose of the Proposed Counterclaim is to belatedly request a jury.  (Opp. at 5.)  Questions of fraud generally turn on witness credibility and there is nothing improper about seeking a jury.  In any event, the jury issue is a separate issue that is not

---

[3] Dhaliwal's argument that the Proposed Counterclaim is entirely duplicative of Defendants' Twelfth Affirmative Defense confirms that he would suffer no prejudice as a result of granting leave to file the Proposed Counterclaim.

dispositive of Avetisov's right to plead a counterclaim.  If Dhaliwal has grounds to strike

Avetisov's jury demand, he is free to move the Court for that relief.

Dhaliwal does not claim any prejudice that would result from granting Avetisov leave to

file a counterclaim and merely offers conjecture as to Avetisov's intentions.  Accordingly, the

motion for leave should be granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant leave to

file an amended answer that includes the Proposed Counterclaim.

Dated: New York, New York
       October 22, 2018

COOLEY LLP

By:    /s/Jonathan Bach
       Jonathan Bach
       David H. Kupfer

1114 Avenue of the Americas
New York, NY 10036
Tel:    (212) 479-6000
Fax:    (212) 479-6275
jbach@cooley.com
dkupfer@cooley.com

*Attorneys for Defendant George Avetisov and
Nominal Defendant HYPR Corp.*