UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AMARPREET DHALIWAL,                         :
                                            :    17 Civ. 7959 (GBD)(DCF)
                        Plaintiff,          :
                                            :
            v.                              :
                                            :
HYPR CORP. AND GEORGE AVETISOV,             :
                                            :
                        Defendants.         :
------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
# OF HIS MOTION TO STRIKE DEFENDANT'S JURY DEMAND


Sullivan & Worcester LLP
1633 Broadway
New York, New York 10019
(212) 660-3000

{S2472572; 1}

Plaintiff Amarpreet Dhaliwal ("Dhaliwal" or "Plaintiff"), by his undersigned attorneys, respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 38 and 39, to strike the Demand for Jury Trial contained in the First Amended Answer to Plaintiff's Complaint and Counterclaim ("Amended Answer and Counterclaim"; ECF No. 61; Silver Decl. Ex. C) of defendant George Avetisov ("Avetisov"), wherein Avetisov "demands a jury trial on his counterclaim".[1]

## INTRODUCTION AND BRIEF SUMMARY OF RELEVANT FACTS

Avetisov waived his right to a jury when he failed to timely request a jury in his original Answer filed on March 13, 2018 (the "Original Answer"; ECF No. 28; Silver Decl. Ex. B) or within 14 days thereafter (see Fed R. Civ. P. 38(b) and (d)). His Amended Answer and Counterclaim, filed on April 15, 2019 (ECF No. 61; Silver Decl. Ex. C), fails to revive his right to request a jury because it raised no new legal issue; hence Avetisov's jury demand should be stricken.

In particular, in this action, Dhaliwal claims that Avetisov breached their written agreement (the "Agreement") that they would each own 50% of a business they called HYPR and which became defendant HYPR Corp. ("HYPR") by, inter alia, failing to provide Dhaliwal with his interest in HYPR (see, e.g., Complaint; ECF No. 1 and Ex. A at 1-1 thereto; Silver Decl. Ex. A). In the Original Answer, Avetisov denied the allegations in the Complaint and asserted twenty affirmative defenses, including his "TWELFTH AFFIRMATIVE DEFENSE" for "Misrepresentation or Fraudulent Inducement", alleging: "The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of misrepresentation or fraudulent inducement"

---

[1] For the Court's convenience, a copy of the relevant pleadings, i.e., the Complaint, Original Answer and Amended Answer and Counterclaims are annexed to the Declaration of Gerry Silver Esq., dated September 19, 2019 ("Silver Decl.") submitted herewith as Exhibits A-C, respectively.

(ECF No. 28 p. 8; Silver Decl. Ex. B).  Thus, Avetisov claimed that the Agreement is a nullity and unenforceable because it was allegedly induced by fraud.

Avetisov's Amended Answer and Counterclaim is virtually identical to his Original Answer, except that it contains a "FIRST COUNTERCLAIM" for "Rescission Based Upon Fraudulent Inducement asserted by George Avetisov against Amarpreet Dhaliwal" (ECF No. 61 at p. 12; Silver Decl. Ex. C).  Although the Amended Answer and Counterclaim, unlike the original Answer, alleges facts as to how Avetisov believes he was fraudulent induced by Dhaliwal (Id. at ¶¶ 1-18), the argument is still the same:  Avetisov is claiming that the Agreement is a nullity and unenforceable because it was allegedly induced by fraud.

As more fully set forth below, as the Amended Answer and Counterclaim does not raise any new issue, it does not revive Avetisov's previously waived right to demand a jury, and therefore the jury demand should be stricken or denied.

## ARGUMENT

### AVETISOV WAIVED HIS RIGHT TO A JURY AND THEREFORE HIS JURY DEMAND SHOULD BE DENIED

**A.      Relevant Law.**

"Under Federal Rule of Civil Procedure 38(b), 'any party may demand a trial by jury of any issue triable of right by a jury.'  Failure to serve a demand constitutes a waiver of that right. Fed. R. Civ. P. 38(d)."  Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338, 356 (2d Cir. 2007) (quoting Fed. R. Civ. P. 38).  In particular, under Fed. R. Civ. P. 38(b), parties may demand a jury trial by "serving the other part[y] with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served".  However, pursuant to Fed. R. Civ. P. 38(d), "[a] party waives a jury trial unless its demand is properly served and filed".

Thus, a failure to serve a demand in a pleading or within 14 days thereafter constitutes a waiver of a right to a jury trial. Westchester Day Sch., 504 F.3d at 356 (defendant waived right to jury by not requesting one in its answer or within 14 days thereafter). However, "[a] litigant who has waived a jury may nonetheless demand one with respect to new issues raised by later pleadings, unless the new issues are simply 'artful rephrasings' of existing issues. Westchester Day Sch., 504 F.3d at 356 (quoting Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980) ("[b]ut if the purportedly new issues are simply artful rephrasings of existing issues, the original waiver will be enforced, for the party has already considered and forfeited his right to a jury").

"When the same parties are the litigants before and after an amended pleading, we are unlikely to find a new issue has been raised." Westchester Day Sch., 504 F.3d at 356 (citing Rosen, 639 F.2d at 96). "An amended complaint asserting new theories of recovery, based on the same facts as the original complaint, will not renew a defendant's right to a jury trial when that right was waived with respect to the original complaint." Westchester Day Sch., 504 F.3d at 356. "Like an amended complaint that simply asserts new theories of recovery, an amended answer that asserts new defense theories based on the same facts does not reestablish the defendant's right to demand a jury trial". Westchester Day Sch., 504 F.3d at 356 (new affirmative defenses asserted in amended answer relating to new theories as to why a Village's denial of a proposed zoning application for expansion of land use was not improper did not raise new issues when the Village had already refuted in its original answer that its denial was improper).

Significantly, adding "extra details or new legal headings" in an amended pleading does not revive a right to demand a jury that has been waived. Rosen, 639 F.2d at 96 ("issues of fraud . . . were not changed by amendments which added extra details or new legal headings").

Similarly, more specific allegations of fraud do not raise "new issues" or revive a right to a jury. Richardson Greenshields Secur. Inc. v. Lau, 1991 U.S. Dist. LEXIS 8852, *16 (S.D.N.Y. July 1, 1991).

For example, in Richardson, "[t]he new pleadings also include[d] specific allegations as to [defendant's] fraudulent misallocation of trades". "However, these allegations alone do not raise 'new issues'. In the course of any lawsuit, particularly one spanning seven years, the parties will gain evidence to strengthen and crystallize their original theories. If this were sufficient to raise 'new issues', parties could never rely upon a waiver of the jury trial right and Rule 38 would become meaningless." Id.; see, e.g., Bank of India v. Handloom House India, Ltd., 629 F. Supp. 281, 282 (S.D.N.Y. 1986) (affirmative defense in amended pleading alleging fraud in the inducement and "assert[ing] the fraud alleged with particularity" claiming defendant fraudulently induced it into signing a backdated guarantee was the same issue as the defense in original pleading that no guarantee was given on the backdated date; jury demand denied).

Similarly, merely adding or asserting a new version of a legal theory, or "spin" on a prior legal theory, does not create a 'new issue' when the "general area of dispute" is the same. Lanza v. Drexel, 479 F.3d 1277, 1310 (2d Cir. 1973) (en banc) (when original complaint asserted claim for securities fraud under 10(b)(5) with no jury demand, subsequent amended pleadings asserting a false prospectus claim did not revive the right to a jury as the general area of dispute was the same); Richardson, 1991 U.S. Dist. LEXIS 8852, *16 (modifying legal theories in amended pleading by abandoning stock churning allegations and asserting fraudulent inducement claims instead does not raise a new issue as the general area of dispute is the same).

Moreover, converting an affirmative defense into a cause of action or counterclaim is insufficient to revive a waived right to demand a jury. Leighton v. New York Susquehanna &

W. R.R. Co., 36 F.R.D. 248, 249 (S.D.N.Y. 1964) ("[a]n amendment which merely alters the character of the relief sought here from a defense on a contract to a demand for repayment of moneys paid thereunder does not revive the right to a trial by jury"); see Sea Carriers Corp. v. Empire Programs, Inc., 2007 U.S. Dist. LEXIS 7812 at *2-3 (S.D.N.Y. Jan. 26, 2007) ("[w]here, as here, an amended pleading covers the same 'general area of dispute' as was covered in the original pleading, the filing of an amended complaint does not revive a right to demand a jury"; adding additional party does not revive right to jury demand).[2]

B.  **Avetisov Waived His Right To A Jury And That Right Has Not Been Revived**.

There is no dispute that Avetisov did not demand a jury in his Original Answer or within 14 days thereafter. Accordingly, he waived his right to a jury. Westchester Day Sch., 504 F.3d. at 356; Fed. R. Civ. P. 38(b) and (d).

Avetisov's Amended Answer and Counterclaim clearly does not revive any right to demand a jury. As set forth above, the Original Answer contained a "TWELFTH AFFIRMATIVE DEFENSE" for "Misrepresentation or Fraudulent Inducement", alleging: "The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of misrepresentation or fraudulent inducement" (ECF No. 28 p. 8; Silver Decl. Ex. B). Hence, Avetisov asserted that the Agreement should be declared a nullity or unenforceable because it was allegedly induced by fraud. Avetisov was presumably aware of facts he believed supported such an affirmative defense of fraudulent inducement, or else he would not have asserted it. Thus, Avetisov had the opportunity to consider and request a jury to hear his fraudulent

---

[2] A motion to strike a request for a jury trial can be made "at any time, even on the eve of trial". Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc., 2007 U.S. Dist. LEXIS 82557, *9-*11 (S.D.N.Y. November 7, 2017) ("[p]arties have a great deal of latitude on the timing of motions to strike a jury demand" and "a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of the trial"; striking jury demand three months before trial). Trial in this action has not yet been scheduled. Hence, Dhaliwal respectfully submits that this motion is timely.

inducement claim, but did not timely demand one.

As set forth above, Avetisov's Amended Answer and Counterclaim is virtually identical to his Original Answer, except that it contains a "FIRST COUNTERCLAIM" for "Rescission Based Upon Fraudulent Inducement asserted by George Avetisov against Amarpreet Dhaliwal" (ECF No. 44 at p. 12). Like in his Original Answer, Avetisov is asserting that the Agreement is null, void and unenforceable because it was induced by fraud. Hence, this is the same "general area of dispute", and not a new issue, and it is insufficient to revive his right to request a jury. Westchester Day Sch., 504 F.3d at 356 ("if the purportedly new issues are simply artful rephrasings of existing issues, the original waiver will be enforced, for the party has already considered and forfeited his right to a jury"); Sea Carriers, 2007 U.S. Dist. LEXIS 7812 at *2-3 (when "amended pleading covers the same 'general area of dispute' as was covered in the original pleading, the filing of an amended complaint does not revive a right to demand a jury").

The fact that Avetisov asserts new details or facts, which may or may not have been known when the Original Answer was filed, or may or may not have been gleaned until the discovery process, is irrelevant as the general area of dispute is the same; namely whether Avetisov was fraudulently induced and therefore the Agreement is unenforceable. Rosen, 639 F.2d at 96 ("issues of fraud . . . were not changed by amendments which added extra details or new legal headings"); Richardson, 1991 U.S. Dist. LEXIS 8852 at *16 (that "new pleadings also include[d] specific allegations as to [defendant's] fraudulent misallocation of trades" does not raise new issues); Bank of India v. Handloom House India, Ltd., 629 F. Supp. 281, 282 (S.D.N.Y. 1986) (affirmative defense in amended pleading "assert[ing] the fraud alleged with particularity" insufficient to revive waived jury demand).

Similarly, the fact that the Amended Answer and Counterclaim contains an affirmative

cause of action for "Rescission Based Upon Fraudulent Inducement" as opposed to an affirmative defense of "Misrepresentation or Fraudulent Inducement" is also irrelevant as the theory is the same – the Agreement should be nullified and rendered unenforceable because it was allegedly fraudulently induced. Leighton, 36 F.R.D. at 249 (altering relief sought from a defense on a contract to an affirmative claim does not revive the right to a trial by jury); Lanza, 479 F.3d at 1310 (amending pleading to add false prospectus claim on top of securities fraud claim previously asserted does not revive right to jury); Richardson, 1991 U.S. Dist. LEXIS 8852, *16 (abandoning prior stock churning allegations and subsequently asserting fraudulent inducement claims in amended pleading does not raise new issue).

## CONCLUSION

Based on the foregoing, plaintiff Dhaliwal respectfully requests (i) that his motion be granted and that Avetisov's request for a jury trial on his First Counterclaim be stricken and/or denied; and (ii) that the Court grant such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       September 19, 2019

SULLIVAN & WORCESTER LLP

By: /s/ Gerry Silver  
    Gerry Silver  
1633 Broadway  
New York, NY  10019  
Tel: 212.660-3096  
Fax: 212.660-3001  
gsilver@sullivanlaw.com

Attorneys for Plaintiff