# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
:
AMARPREET DHALIWAL, : Civil Action No. 1:17-cv-07959 (GBD)(DF)
:
Plaintiff, :
:
vs. :
:
HYPR CORP. and GEORGE AVETISOV, :
:
Defendants. :
:
--------------------------------------- X

**DEFENDANT GEORGE AVETISOV AND NOMINAL DEFENDANT HYPR CORP.'S
FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant George Avetisov ("Avetisov") and Nominal Defendant HYPR Corp. ("HYPR") (collectively, "Defendants"), by and through their undersigned attorneys, hereby submit this Answer in response to the numbered paragraphs of Plaintiff Amarpreet Dhaliwal's ("Dhaliwal") Complaint as follows:

**NATURE OF THE CLAIMS**

1. Deny the allegations of ¶ 1.

2. Deny the allegations of ¶ 2.

3. Deny the allegations of ¶ 3, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit B, for its complete and accurate contents.

4. Deny the allegations of ¶ 4, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit C, for its complete and accurate contents.

5. Deny the allegations of ¶ 5, except admit that Avetisov and Dhaliwal signed a document entitled "Hypercard Start-Up Agreement," dated April 30, 2014, and refer the Court to that document, attached to the Complaint as Exhibit A, for its complete and accurate contents.

6.  Deny the allegations of ¶ 6, except admit that HYPR (a) has over 25 million users, (b) raised approximately $800,000 in an angel investment round, (c) raised $3 million in a seed investment round, and (d) raised at least $8 million in a Series A investment round.

7.  Deny the allegations of ¶ 7, except admit that Avetisov is the CEO of HYPR.

8.  Paragraph 8 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 8.

## THE PARTIES, JURISDICTION AND VENUE

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 9.

10. Admit the allegations of ¶ 10.

11. Admit the allegations of ¶ 11.

12. Paragraph 12 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 12.

13. Paragraph 13 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 13.

14. Paragraph 14 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest that the Court has personal jurisdiction over them, or that the Court is the correct venue for this dispute.

## FACTS COMMON TO ALL CLAIMS

15. Deny the allegations of ¶ 15, except admit that (a) Dhaliwal met Avetisov in or about April 2014, and (b) Avetisov was selling "BitsCards," at the time, while also working on other technology projects.

16. Deny the allegations of ¶ 16.

17. Deny the allegations of ¶ 17, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit B, for its complete and accurate contents.

18. Deny the allegations of ¶ 18, except admit that Avetisov and Dhaliwal signed a document entitled "Hypercard Start-Up Agreement," dated April 30, 2014, and refer the Court to that document, attached to the Complaint as Exhibit A, for its complete and accurate contents.

19. Deny the allegations of ¶ 19.

20. Deny the allegations of ¶ 20, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit G, for its complete and accurate contents.

21. Deny the allegations of ¶ 21, except admit that (a) HYPR has over 25 million users, and refer the Court to the article referenced therein, attached to the Complaint as Exhibit I, for its complete and accurate contents.

22. Deny the allegations of ¶ 22.

23. Deny the allegations of ¶ 23, except note that the first sentence of ¶ 23 asserts argument and legal conclusions to which no response is required and to the extent the second sentence refers to a written communication, the communication speaks for itself.

24. Paragraph 24 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 24.

25. Deny the allegations of ¶ 25.

26. Paragraph 26 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 26.

27. Deny the allegations of ¶ 27, and refer the Court to the communication referenced therein, attached to the Complaint as Exhibit H, for its complete and accurate contents.

28. Deny the allegations of ¶ 28, except admit that Avetisov called Dhaliwal following receipt of Dhaliwal's litigation demand letter.

29. Paragraph 29 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants decline to answer on the grounds that the information may be protected by the attorney client privilege and/or attorney work product protection.

## FIRST CAUSE OF ACTION

(Breach of Contract)

30. Defendants incorporate their responses to each and every allegation, as set forth above.

31. Paragraph 31 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 31.

32. Paragraph 32 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 32.

33. Paragraph 33 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 33.

34. Paragraph 34 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 34.

35. Paragraph 35 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 35.

36. Paragraph 36 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 36.

37. Paragraph 37 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 37.

38. Paragraph 38 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 38.

## SECOND CAUSE OF ACTION

(Unjust Enrichment, in the alternative, against Defendants)

39. Defendants incorporate their responses to each and every allegation, as set forth above.

40. Paragraph 40 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 40.

41. Paragraph 41 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 41.

## THIRD CAUSE OF ACTION

(Declaratory Judgment)

42. Defendants incorporate their responses to each and every allegation, as set forth above.

43. Paragraph 43 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 43.

44. Paragraph 44 asserts argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 44.

## PRAYER FOR RELIEF

The Prayer for Relief describes the relief sought by Plaintiff and does not require a responsive pleading. To the extent a response is required, Defendants hereby deny that Plaintiff is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Unless otherwise specified, all defenses and affirmative defenses are asserted as to all causes of action and on behalf of all Defendants. Assertion by any Defendant of any affirmative defense or any other defense shall not be deemed a concession that such Defendant has the burden of proof with respect to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Misjoinder)

(Asserted by HYPR Corp.)

HYPR Corp. is improperly joined as a Defendant in this action.

### THIRD AFFIRMATIVE DEFENSE
### (Unenforceable Due To Vagueness or Indefiniteness)

The claims alleged in the Complaint are barred, in whole or in part, because the April 30, 2014 "Agreement" is unenforceable due to vagueness or indefiniteness.

### FOURTH AFFIRMATIVE DEFENSE
### (Unenforceable Due To Lack of Consideration)

The claims alleged in the Complaint are barred, in whole or in part, because the April 30, 2014 "Agreement" is unenforceable due to a lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Perform and Failure to Tender Consideration)

The claims alleged in the Complaint are barred, in whole or in part, because the April 30, 2014 "Agreement" is unenforceable due to Plaintiff's failure to perform and failure to tender consideration.

## SIXTH AFFIRMATIVE DEFENSE
## (Waiver)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
## (Laches)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
## (Impossibility or Impracticability)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of impossibility or impracticability.

## NINTH AFFIRMATIVE DEFENSE
## (Frustration of Purpose)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of frustration of purpose.

## TENTH AFFIRMATIVE DEFENSE
## (Abandonment)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff abandoned the proposed partnership or enterprise.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Withdrawal)

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff withdrew from the proposed partnership or enterprise.

### TWELFTH AFFIRMATIVE DEFENSE
### (Misrepresentation or Fraudulent Inducement)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of misrepresentation or fraudulent inducement.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Mistake)

The claims alleged in the Complaint are barred, in whole or in part, by the doctrine of mistake.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff, though under a duty to do so, has failed and neglected to mitigate his alleged damages and, therefore, cannot recover against Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is not entitled to the relief sought by virtue of his own unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Material Breach by Plaintiff)

Plaintiff may not enforce any agreement because Plaintiff materially breached said agreement.

Case 1:17-cv-07095-GBD-DCF Document 76-31 Filed 09/15/19 Page 9 of 15

### NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Meet Condition Precedent)

Plaintiff may not enforce any agreement because Plaintiff failed to comply with a condition precedent in said agreement.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

The claims alleged in the Complaint are barred, in whole or in part, because they are duplicative.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses that may present themselves during these proceedings and hereby reserve the right to amend their Answer to assert any such defenses.

### COUNTERCLAIMS

**Factual Background**

1. On or about April 25, 2014, Defendant George Avetisov met Plaintiff Amarpreet Dhaliwal, at the Bitcoin Center, in New York City.

2. Over the course of approximately two weeks, they had enthusiastic discussions about the possibility of pursuing a business together and even signed a written agreement.

3. Then Dhaliwal mysteriously disappeared. He abandoned the project and went completely dark. He did not resurface until August 31, 2017, when his lawyer sent a demand letter to HYPR Corp.—a company he had no part in founding or growing—demanding 50% of the equity of the corporation.

4. Avetisov, an inventor and technology enthusiast, was in the process of developing a new technology when the two first met. Dhaliwal expressed interest in working with Avetisov

and in providing the business end of a shared venture that would build and market Avetisov's technological designs.

5. Dhaliwal told Avetisov that he had an extensive business background and substantial experience in the financial world. Dhaliwal advised Avetisov that he had experience working with hedge funds, investment funds, and trading companies. Dhaliwal also advised Avetisov that he was currently working in some capacity for a buy-side hedge fund.

6. Dhaliwal further advised Avetisov that he had experience creating slide decks, presentations, and business plans for the purposes of pitching investors and raising capital, and that he had experience locating investors and raising capital.

7. Dhaliwal told Avetisov that Dhaliwal knew investors that Dhaliwal could approach on short notice for the purposes of raising money to develop Avetisov's designs.

8. Before signing an agreement with Dhaliwal on April 30, 2014, Avetisov asked Dhaliwal to provide him with additional information regarding his business experience and background.

9. In response, Dhaliwal presented Avetisov with a resume purporting to summarize his professional background and with a slide deck that he claimed to have prepared on his own and to have used in raising funds for "Delphia Capital," an investment fund he claimed to have successfully created.

10. The resume shows a business background at impressive firms. What it fails to disclose, and would have been material to anyone in Avetisov's position, was that one position was a college internship, that Dhaliwal resigned from his next position after a relatively short time based on the belief that he was about to be fired, and that Dhaliwal was indeed terminated from his next position after less than a year after his supervisor expressed concerns about aspects

of his performance. Moreover, while the resume identifies prior employment only through 2012, Dhaliwal advised Avetisov that he currently worked in some capacity for a buy-side hedge fund and was pursuing his own projects, including Delphia Capital.

11. The Delphia Capital slide deck was similarly filled with false and misleading information, including statements identifying Dhaliwal as part of three-person leadership team which collectively had over 25 years' experience. The slide deck also contained numerous charts showing historical performance for an investment strategy going back several years, and an established track record, when in fact, Delphia was a new venture that never got off the ground.

12. Moreover, while Dhaliwal described the Delphia Capital slide deck as an example of his own work product, he misled Avetisov by failing to disclose that he had actually taken and modified a slide deck from one of his past employers.

13. Dhaliwal told Avetisov that he had successfully raised capital for Delphia, using the pilfered slide deck, when in fact Dhaliwal had failed to raise capital for that (or any other) venture. Dhaliwal did not disclose to Avetisov, for example, that in 2012 he had served as the "investment manager" of an entity called "Brabant Capital, LLC," which had failed after only several months. Nor did Dhaliwal disclose to Avetisov that Delphia Capital had ceased to exist months before Dhaliwal first met Avetisov.

14. Avetisov, relying on Dhaliwal's statements and material omissions, executed the April 30, 2014 agreement, which memorialized the parties' intent to form a 50/50 partnership.

15. After signing the April 30, 2014 agreement, Dhaliwal's responsiveness to communications from Avetisov slowed, until it eventually stopped altogether less than a month later. By that time, Dhaliwal had failed to accomplish or make progress on any of the tasks

-11-

which he and Avetisov agreed he would do for the nascent venture, including preparing pitch materials and a slide deck for investors. Dhaliwal also failed to pay his share of the expenses the venture was incurring.

16. Dhaliwal's lack of communication and participation in the venture led Avetisov to write a text message to Dhaliwal, on or about May 19, 2014, asking Dhaliwal to let him know if he planned to continue to work with Avetisov. After hearing no response for four days, Avetisov wrote to Dhaliwal by text message, on or about May 23, 2014: "I'm gonna incorporate on Monday, if you're in let me know if not then t[h]ank you for everything. And good luck."

17. Avetisov understood that the partnership contemplated and memorialized in the April 30, 2014 agreement never formed due to Dhaliwal's lack of participation and communication, and Avetisov believed the agreement to be dead letter.

18. In or about June 2014, Avetisov formed HYPR Corp. with a new partner and has worked diligently since that time building and growing the HYPR business.

## FIRST COUNTERCLAIM

### (Rescission Based Upon Fraudulent Inducement, asserted by George Avetisov against Amarpreet Dhaliwal)

19. Defendant incorporates its allegations, as set forth above.

20. Avetisov maintains that the agreement he and Dhaliwal signed is unenforceable.

21. To the extent the agreement is enforceable, Avetisov seeks rescission of the agreement because he was induced to enter into the agreement by fraud, including false and misleading statements and omissions made by Dhaliwal.

22. As set forth above, Dhaliwal made numerous false and misleading representations and omissions about his current employment, prior background and professional experience, prior work product, and prior success in raising capital and attracting investors. Dhaliwal also

misled Avetisov to believe that he was currently employed and active in the financial industry when in fact no employer had hired him since his termination from his final position in 2012.

23. Dhaliwal made such false and misleading statements and omissions for the purpose and with the intent of causing Avetisov to partner with him and to sign the April 30, 2014 agreement.

24. Avetisov relied on those statements and omissions, to his detriment. Avetisov entered into the agreement believing he was getting an experienced business partner who could help him prepare pitch materials and raise capital from investors. Instead, he contracted with a deceitful person with a checkered and questionable business background and no experience raising capital on his own. This caused Avetisov significant harm, including, but not limited to: (a) a delay in the development of his project; (b) the disclosure of his ideas and inventions to Dhaliwal; and (c) the present lawsuit commenced by Dhaliwal relating to the April 30, 2014 agreement.

25. Avetisov has no adequate remedy at law for his claim against Dhaliwal.

26. By reason of the foregoing, Avetisov seeks an order rescinding the April 30, 2014 agreement.

## DEMAND FOR JURY TRIAL ON COUNTERCLAIM

Defendant Avetisov demands a jury trial on his counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. For judgment in favor of Defendants on the Complaint;

2. For judgment in favor of Avetisov on the Counterclaim;

3. For attorneys' fees and costs incurred to the extent permitted by law; and

4. For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 15, 2019

SHAPIRO ARATO BACH LLP

By:   /s/Jonathan Bach
      Jonathan Bach
      Jacob S. Wolf

500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 257-4880
Facsimile: (212) 202-6417
jbach@shapiroarato.com
jwolf@shapiroarato.com

*Attorneys for Defendant George Avetisov and Nominal Defendant HYPR Corp.*